595 A.2d 1146

**John J. MORGAN and United States Fire Insurance Company, a Corporation**

**v.**

**James W. DUGAN, an Individual; and Pittsburgh Machine and Equipment Corporation, Petitioner,**

**v.**

**NEIHAUS AIR SYSTEMS, INC. dba as Allegheny Flight Academy and dba Steel City Flyers.**

Supreme Court of Pennsylvania.

Sept. 26, 1991.

ORDER

PER CURIAM:

The Petition for Allowance of Appeal is hereby granted since we find that the appeal was timely filed. The Order of the Superior Court quashing the appeal —— Pa.Super. ——, 593 A.2d 919 is hereby vacated and, upon review of the substantive issues raised by appellant, we find them

without merit and affirm the judgment of the Court of Common Pleas of Allegheny County.

LARSEN, J., files a dissenting statement in which PAPADAKOS, J., joins.

LARSEN, Justice, dissenting.

I dissent and would not grant the petition for allowance of appeal filed herein. The appeal to Superior Court was untimely filed, and Superior Court properly quashed it as such. Notice of judgment was entered on the Judgment Docket on October 9, 1987, and notice of judgment was mailed the same day. Petitioners argue that because judgment was not recorded on the General Docket until some time in March of 1988, their appeal to Superior Court on November 20, 1987, was timely filed.

Rule 301 of the Pennsylvania Rules of Appellate Procedure provides, in relevant part:

[w]here under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the *first* appropriate docket.

Pa.R.A.P. Rule 301(a) (emphasis added).

Petitioners did not file their appeal within thirty days of October 9, 1987, thus their appeal was untimely filed, and Superior Court lacked jurisdiction to consider it. The equal protection clause of the United States Constitution will mandate that any party may hereafter successfully file untimely appeals on the basis of this Court's ill-considered decision in this case.

PAPADAKOS, J., joins this dissenting statement.